O. H. HIMELICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74722.   Promulgated June 17, 1935.

*Jackson V. Blair, Jr., Esq.*, for the petitioner.
*Paul A. Sebastian, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $917.25 in petitioner's income tax for 1931, based upon six adjustments. Four of these are not assailed. The second and fourth are related and can be considered together. The petition seeks further to establish an additional deduction for loss of investment in corporate shares, which is not .dealt with in the notice of deficiency.

Stripped of its unimportant facts, the evidence shows that Himelick had, before 1931, been the principal shareholder of a retail furniture  corporation which went into bankruptcy in 1930. The petitioner's brother bought its accounts receivable and petitioner in turn bought them from him. These accounts had a face value of $21,317.09, and petitioner paid $5,245 for them. They included accounts which were due, overdue, and not yet due. Some were pro-

tected by a lien on furniture. Whether any, or how much, of them were liquidated in 1930 is not shown. In 1931 petitioner collected $10,347.26, and, by a mathematical process which is not described in the evidence, he treated $3,690.75 thereof as income on his return. The Commissioner recomputed this by using the ratio of $\frac{5245}{21317.09}$ or 24.6 percent as the cost of the accounts recovered in 1931, thus finding the gain to be $7,801.83. The petitioner also, in 1931, charged off $3,056.96 face value of these receivables, and the Commissioner reduced this deduction to the 24.6 percent cost, or $752.

The petitioner urges, as a matter of law, that the accounts purchased must be regarded as a single asset, the gain or loss remaining in suspense until the entire cost is recovered. As an abstract rule there is no authority for this; and furthermore it is contrary to petitioner's own treatment and hence not in accordance with his method of accounting. He himself charged off specific accounts and computed gain on others. Presumably still others remain for collection. The Commissioner's method was not improper and his determination is sustained. *Weser Bros., Inc.*, 12 B. T. A. 1394; *Santa Maria Gas Co.*, 10 B. T. A. 1412.

Petitioner's second claim is for a deduction for loss alleged to be sustained in 1931 of 531½ shares of stock in the Home Furniture Co. But, even if it be assumed that the cost were shown, the evidence establishes clearly that the shares had become worthless in 1930, and petitioner had no right to postpone the deduction until 1931. *Patten & Davies Lumber Co. v. Commissioner*, 45 Fed. (2d) 556; *Wheeler, Fisher & Co. v. Commissioner*, 54 Fed. (2d) 294; *Paul N. Myers*, 7 B. T. A. 1072; *Independent Brick Co.*, 11 B. T. A. 862, 867.

*Judgment will be entered for the respondent.*